COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Martin L. SCHMOTZER, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 2003.

Filed Aug. 22, 2003.

Douglas Sughrue, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: HUDOCK, LALLY–GREEN, and CAVANAUGH, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Martin L. Schmotzer, appeals from the double jeopardy order of the Allegheny County Court of Common Pleas entered on July 8, 2002, denying his motion to dismiss criminal charges against him.[1] We affirm.

¶ 2 The trial court set forth the facts of the case as follows:

The subject of this appeal is the arrest and charges filed against the defendant on April 26, 2000 at CC: 200012881. It is not the factual history that is relevant to this appeal but the procedural history.

After referral from the Allegheny County District Attorney's Office to the Office of the United States Attorney, this Defendant was charged at criminal complaint number 99–124 in The United States District Court for the Western District of Pennsylvania with a violation of Title 18 United States Code, section 666(a)(1)(A) to which defendant entered a guilty plea on July 23, 1999, before the Honorable Robert J. Cindrich. Prior to the final sentencing in connection with the aforementioned plea, the United States Court of Appeals for the Third Circuit decided the case of *United States v. Zwick*, 199 F.3d 672 (3rd Cir.1999), which raised a substantial question as to the basis of federal jurisdiction for the charge against this defendant. Defendant filed a motion to withdraw his guilty plea or in the alternative, to dismiss the prosecution. The United States answered the motion and on January 27, 2000, the United States District Court dismissed the prosecution "for want of federal jurisdiction."

Subsequent to this action by the United States District Court, the Allegheny County District Attorney filed the above referenced criminal complaint on April 26, 2000. On December 3, 2001, Defendant filed a Motion to Dismiss pursuant to P.R.C.P. 600, Article I, § 9 of the Pennsylvania Constitution and the V and XIV Amendments of the Constitution of the United States as well as Article I, § 10 of the Pennsylvania Constitution and Amendments V and XIV of the United States Constitution concerning double jeopardy.

---

1. We note that the order denying Appellant's motion to dismiss is not a final order. However, because 18 Pa.C.S.A. § 110 statutorily embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on section 110. *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755, 759–60 (1995). Therefore, we may properly consider this appeal.

After several motions and hearings, and upon motion by the defendant, this court entered an order, which certified the double jeopardy and Rule 600 issues for appeal to the Superior Court. The Superior Court issued an Order dated 9/18/02, which granted review on the issue of double jeopardy.

Trial Court Opinion, 11/7/02, at 2–3.

¶ 3 Appellant raises the following issue on appeal:

I. Under the Fifth and Fourteenth Amendments of the Constitution of the United States as well as Article I § 10 of the Constitution of the Commonwealth of Pennsylvania, is the Commonwealth of Pennsylvania violating Appellant's right against double jeopardy by prosecuting Appellant for the same acts for which Appellant was punished in the United States District Court of the Western District of Pennsylvania?

Brief for Appellant at 4.

¶ 4 "An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary." *Commonwealth v. Wood*, 803 A.2d 217, 220 (Pa.Super.2002).

[1] ¶ 5 Appellant first argues that 18 Pa.C.S.A. § 109 bars his prosecution in state court. 18 Pa.C.S.A. § 109 states:

**§ 109. When prosecution barred by former prosecution for the same offense**

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

(2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

¶ 6 The language of section 109 is plain and unambiguous: "[w]hen a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as the former prosecution, it is barred by such former prosecution...." Since the introductory paragraph to section 109 uses the word "and," section 109 applies when a subsequent prosecution is for a violation of the same provision of the statutes and is based on the same facts as the former prosecution. *Commonwealth v. Hockenbury*, 549 Pa. 527, 701 A.2d 1334, 1336 (1997).

¶ 7 Section 109 applies only to subsequent prosecutions for violations of the "same" provisions of the statutes. Appellant was prosecuted in federal court under federal statute 18 U.S.C. § 666(a)(1)(A) and in state court under state statutes 18 Pa.C.S.A. § 3922 and 18 Pa.C.S.A. § 3921.

¶ 8 18 U.S.C. § 666(a)(1)(A) provides:

§ 666. Theft or bribery concerning programs receiving Federal funds

(a) Whoever, if the circumstance described in subsection (b) of this section exists—

(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—

(A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—

(i) is valued at $ 5,000 or more, and

(ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or

(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $ 5,000 or more; or

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such or-ganization, government, or agency involving anything of value of $ 5,000 or more; shall be fined under this title, imprisoned not more than 10 years, or both.

¶ 9 18 Pa.C.S.A. §§ 3922 and 3921 provide:

§ 3922. Theft by deception

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

§ 3921. Theft by unlawful taking or disposition

(a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

(b) Immovable property.—A person is guilty of theft if he unlawfully transfers,

or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

¶ 10 In Appellant's case, the state prosecution occurred after the federal prosecution. Yet, different statutes were involved. Thus, since the subsequent state prosecution was not for a violation of the same provision of the statutes as the former prosecution, section 109 does not apply here. Consequently, section 109 does not prevent the prosecution under the state statutes in this case.

¶ 11 Appellant next argues that 18 Pa. C.S.A § 111(1) bars his prosecution in state court. 18 Pa.C.S.A § 111 states:

### § 111 When prosecution barred by former prosecution in another jurisdiction

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(ii) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.

¶ 12 The plain meaning of section 111 is that section 111 applies when conduct constitutes an offense within the concurrent jurisdiction of the United States and the Commonwealth. Under section 111(1), a subsequent prosecution is barred when the first prosecution results in an acquittal or conviction as defined in section 109. Again, section 109(1) defines an "acquittal" as follows:

There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction.

See also, Commonwealth v. Keenan, 365 Pa.Super. 437, 530 A.2d 90, 92 (1987). Section 109(3) defines "conviction" as follows:

There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

See also, Commonwealth v. Rosario, 545 Pa. 4, 679 A.2d 756, 759 (1996).

¶ 13 We first address whether the former proceeding resulted in an "acquittal" as defined by section 109(1). The federal court granted Appellant's motion to dismiss the prosecution for "want of federal jurisdiction." Appellant argues that a finding of no federal jurisdiction is, in effect, a determination that there was insufficient evidence to warrant a conviction. We disagree. The question of jurisdiction goes to the power or authority of a court over a matter. *Aronson v. Sprint Spectrum,* 767 A.2d 564, 568 (Pa.Super.2001). On the other hand, the question of sufficiency of the evidence goes to the quality and quantity of evidence to support a conviction. *Commonwealth v. Capo,* 727 A.2d 1126, 1127 (Pa.Super.1999). Since a finding of "no federal jurisdiction" does not relate to the question of the sufficiency of evidence needed to support a conviction, the federal court's determination that it did not have jurisdiction to prosecute Appellant did not result in an acquittal for purposes of section 109(1).

¶ 14 We next address whether the former proceeding resulted in a "conviction" as defined by section 109(3). The federal court entered neither a judgment of conviction nor a verdict of guilty, even though a plea of guilty had been accepted by that court. The federal court did not enter judgment on the plea because Appellant had filed a motion questioning whether the court lacked subject matter jurisdiction. Thus, for purposes of section 109(3), no conviction existed.

¶ 15 Additionally, with regard to section 109(3), Appellant argues that the trial court mistakenly relied on *Commonwealth v. Rosario,* 418 Pa.Super. 196, 613 A.2d 1244 (1992), in deciding whether a withdrawn guilty plea is a conviction as defined by section 109(3). In *Rosario,* the appellant pled guilty to third-degree murder and upon subsequently gaining more testimonial evidence, the court directed that the appellant's guilty plea be withdrawn and charged the appellant with first- and second-degree murder. The appellant claimed that the second prosecution violated section 109. This Court held that section 109 applies "only to former prosecutions which resulted in a plea of guilty which continues to stand accepted by the court." *Id.* at 1249. Here the trial court properly applied *Rosario* when it concluded that Appellant's guilty plea did not continue to stand accepted by the court because the court dismissed the prosecution and, thus, the guilty plea. Therefore, there was no conviction as defined by section 109(3) of the statute.

¶ 16 Appellant next argues that section 111(2) bars the state prosecution. The plain language of section 111(2) is that a prosecution is barred when there has been a previous acquittal, a final order, or a judgment for the appellant. *Commonwealth v. Smith,* 391 Pa.Super. 154, 570 A.2d 559, 561 (1990). A dismissal due to a lack of federal subject matter jurisdiction does not meet the standard of section 111(2) under the reasoning set out above because a dismissal is not an acquittal, a final order, or a judgment for an appellant.[2]

---

2. Finally, we observe that the former federal prosecution is null and void. It is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties or may be collaterally attacked at any time." *Com. ex rel. Howard v. Howard,* 138 Pa.Super. 505, 508, 10 A.2d 779, 781 (1940). *See, Com. v. Buechele,* 298 Pa.Super. 418, 444 A.2d 1246 (1982). Thus, assuming the action of the federal court fell within the definition of acquittal or conviction as defined by section 109, which it does not, that acquittal or conviction is null and void. Thus, it could not bar subsequent prosecutions.

■ ¶ 17 In addition, although the parties did not raise 18 Pa.C.S.A. § 112 in their briefs, section 112 is particularly applicable to this case. 18 Pa.C.S.A. § 112 states:

**§ 112. Former prosecution before court lacking jurisdiction or when fraudulently procured by the defendant**

A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same offense) through section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

(2) The former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting officer and with the purpose of avoiding the sentence which might otherwise be imposed.

(3) The former prosecution resulted in a judgment of conviction which was held invalid in a subsequent proceeding on a writ of habeas corpus, coram nobis or similar process.

Specifically, section 112(1) applies because in this case the federal court lacked jurisdiction. Section 112(1) applies sections 109 and 111 to situations in which the former prosecution was before a court which lacked jurisdiction over the defendant or the offense. *Keenan*, 530 A.2d at 92. Thus, even if sections 109 and 111 barred a second prosecution, section 112 still allows a second prosecution if the first prosecution was terminated due to lack of federal jurisdiction. Since Appellant's federal case was terminated due to lack of federal jurisdiction, section 112 allows the second prosecution of Appellant even if sections 109 and 111 would otherwise prevent the second prosecution.

¶ 18 Order affirmed.