J-S35027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAREEM GIBSON | |
| Appellant | No. 2977 EDA 2014 |

Appeal from the PCRA Order January 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302511-2006

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 19, 2015**

Appellant, Kareem Gibson, appeals following the PCRA court's September 15, 2014 order, which granted his "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief."  We conclude that Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief" constituted an untimely, serial petition under the Post-Conviction Collateral Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Moreover, since Appellant failed to plead and prove an exception to the PCRA's one-year time-bar, the PCRA court lacked jurisdiction to entertain the claims contained in Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief" and we lack jurisdiction to entertain this appeal.  Accordingly, we quash this appeal.

The trial court has ably summarized the underlying facts of Appellant's convictions and sentence.

_____
*Retired Senior Judge assigned to the Superior Court.

In 2005, Philadelphia Police Officer Joseph Domico, then a nine[-]year police veteran, had been assigned to the Narcotics Strike Force for five years and had received training in narcotics surveillances and the testing, storing, and packaging of narcotics. As of November 2005, Officer Domico had participated in over 1000 narcotics surveillances; roughly ten [] to [30] of these were in the area of 1200 West Venango Street in Philadelphia.

On November 22, 2005, around 7:30 p.m., Officer [Domico], with the aid of ten-by-fifty power binoculars, was surveilling the 1200 West Venango Street area when he saw an unknown black man approach [Appellant], converse briefly, and hand [Appellant] United States currency. After [Appellant] removed a baggy from the leg pocket of his pants, removed objects, and handed them to the man, the man left the area.

Around 7:40 p.m., a man later identified as Tracy Dorsey approached [Appellant], conversed, and handed [Appellant] United States currency. [Appellant] took a baggy from the same pocket, removed objects, and handed them to Dorsey. Dorsey left the area, was stopped, and had a green tinted packet of crack cocaine in his pants pocket.

Around 7:45 p.m., based upon his observations and information regarding Dorsey's drug possession, Officer Domico instructed his fellow officers to arrest [Appellant. Thirty-six green-tinted] packets of crack cocaine, with an aggregate weight of 1.8 grams, were recovered from [Appellant], as was [$122.00, which was composed of six $20.00 bills and two $1.00 bills].

. . .

[Following Appellant's arrest, the Commonwealth charged Appellant] with possession of a controlled substance with the intent to deliver [(hereinafter "PWID")] and [possession of a controlled substance.[1]] On May 15, 2008, the [trial

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

- 2 -

court] heard and denied [Appellant's] motion to suppress physical evidence.

. . . On December 18, 2008, after a jury trial . . . , [Appellant] was convicted of PWID.[2] On February 6, 2009, [the trial court] sentenced [Appellant] to [serve a term of 48 to 96 months in prison and to serve a consecutive term of 24 months of probation].

Trial Court Opinion, 5/6/09, at 1-3 (internal citations omitted) (some internal capitalization omitted).

Appellant filed a timely notice of appeal and, on February 24, 2010, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Gibson*, 966 A.2d 6 (Pa. Super. 2010) (unpublished memorandum) at 1-5. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 25, 2010, Appellant filed a timely, *pro se* PCRA petition. Appellant later retained counsel and counsel filed an amended PCRA petition on Appellant's behalf. Within the petition, Appellant claimed that his trial counsel was ineffective for: 1) "stipulat[ing] to the drug type and quantity rather than requiring the Commonwealth to elicit testimony from the Commonwealth's expert witnesses;" 2) failing to file a post-sentence motion to claim that the trial court abused its discretion when it "fail[ed] to identify an aggravating factor in sentencing [Appellant] to a term of incarceration in excess of the sentencing guideline range of 24-30 months;" and, 3) "failing

---

[2] The Commonwealth *nolle prossed* the simple possession charge.

to investigate and make known to the [trial c]ourt at sentencing [Appellant's] eligibility for RRRI which would have shortened [Appellant's] sentence by several months." Appellant's Amended PCRA Petition, 11/28/11, at 1-4. Further, Appellant claimed that his appellate counsel was ineffective for failing to raise the claim that the Commonwealth purposefully discriminated against African-American jurors, in violation of **Batson v. Kentucky**, 476 U.S. 79 (1986), and that the trial court erred when it denied his request to issue a **Kloiber**[3] instruction to the jury. **Id.** at 2-3. Finally, Appellant raised a boilerplate claim that he is actually innocent of the crimes for which he was convicted. **Id.** at 3.

On September 17, 2012, the trial court notified Appellant that, in 28 days, it intended to dismiss the PCRA petition without a hearing, as it determined that the "issues raised in the amended [PCRA] petition [were] without merit." Trial Court Notice, 9/17/12, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant responded to the PCRA court's Rule 907 notice by calling attention to this Court's opinion in **Commonwealth v. Robinson**, 7 A.3d 868 (Pa. Super. 2010). In that case, we held: "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Id.** at 871.

---

[3] **See Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954).

On January 2, 2013, the PCRA court entered the following order:

> AND NOW, to wit, this 2nd day of January, 2013, [Appellant's PCRA] petition is granted in part, in that [Appellant] was eligible for the [RRRI] program at the time of sentencing. [Appellant] is to be immediately paroled.

PCRA Court Order, 1/2/13, at 1 (some internal capitalization omitted).

On February 1, 2013, Appellant filed a timely notice of appeal from the PCRA court's order; in his Rule 1925(b) statement, Appellant claimed that the PCRA court erred when it failed to grant him relief on his remaining claims. Appellant's Rule 1925(b) Statement, 3/13/13, at 1-2 (some internal capitalization omitted).

On June 4, 2013, the PCRA court issued a Rule 1925(a) opinion in the case. Within this opinion, the PCRA court acknowledged that it mistakenly failed to consider all of the claims that Appellant raised in his petition. The PCRA court thus requested that this Court remand the matter so that it could hold a hearing on Appellant's remaining claims. PCRA Court Opinion, 6/4/13, at 1 (some internal capitalization omitted).

However, on September 25, 2013, this Court dismissed Appellant's appeal for failure to file a brief. **_Commonwealth v. Gibson_**, 411 EDA 2013 (Pa. Super. 2013) (unpublished order) at 1.

On May 19, 2014 – or, almost **eight months** after we dismissed Appellant's appeal – Appellant, through counsel, filed a "_Nunc Pro Tunc_ Petition for Post-Conviction Collateral Relief." The petition – which

constitutes Appellant's **second petition** under the PCRA – declared, in relevant part:

13. On June 4, 2013, the [PCRA court] issued an opinion that stated in pertinent part that[] "the Court recommends remand so that it can hold a hearing on [Appellant's] remaining PCRA claims["] . . .

14. Based on [the PCRA court's] June 4th opinion, [Appellant] believed that the matter would be remanded from the Superior Court and [Appellant] did not file [an] appellant's brief in the Superior Court.

15. [Appellant] reviewed the criminal dockets in this matter and saw that the matter had not been remanded from [the] Superior Court.

16. [Appellant] reviewed the Superior Court dockets and saw that [Appellant's] appeal was dismissed by the Superior Court on September 25, 2013. Unfortunately, [Appellant] never received a copy of that order.

17. [Appellant] is filing the instant *Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief to request that the matter be listed on the remaining claims contained in the [PCRA petition] that were not addressed in [the PCRA court's] order of January 3, 2013.

18. [Appellant] believes that this [petition] should be granted *nunc pro tunc* as it was [the PCRA court's] recommendation that a hearing on [Appellant's] remaining PCRA issues be held. . . .

19. [Appellant's] counsel has been in contact with the assigned Assistant District Attorney . . . who has kindly indicated that she has no opposition to a hearing on the *nunc pro tunc* [PCRA petition] being held.

WHEREFORE, [Appellant] prays your Honorable Court to grant a hearing on this *nunc pro tunc* [PCRA petition].

Appellant's *Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief, 5/19/14, at 2-3 (internal italics added) (some internal capitalization and emphasis omitted).

On September 15, 2014, the PCRA court granted Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief" and declared that Appellant was "allowed to file an appeal to the Superior Court on the remaining issues in the PCRA petition." PCRA Court Order, 9/15/14, at 1. Appellant filed a notice of appeal on October 2, 2014. We now quash this appeal.

As our Supreme Court has held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003). As to questions of law, our standard of review is *de novo* and our scope of review is plenary. **Mazur v. Trinity Area Sch. Dist.**, 961 A.2d 96, 101 (Pa. 2008).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further,

since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

Since the time-bar implicates the subject matter jurisdiction of our courts, "courts are without jurisdiction to offer any form of relief . . . [b]eyond th[e jurisdictional] time-period." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Indeed, as we have held, the above proscription even extends to claims challenging the legality of a sentence. ***Id.*** Certainly, in ***Jackson***, the petitioner filed an untimely PCRA petition and claimed that the trial court imposed a manifestly illegal sentence. We held that, since the "[PCRA] petition was patently untimely, [] the PCRA court did

- 8 -

not have jurisdiction under [42 Pa.C.S.A. §] 9545 to consider [the petitioner's illegal sentence] claim." **Jackson**, 30 A.3d at 521-522. The **Jackson** Court reasoned that, although an illegal sentence claim cannot be waived, a court must first have jurisdiction – or authority – to consider the claim in the first instance. **Id.** at 522. Once the PCRA's statutory deadline has passed, however, "section 9545 . . . acts to divest a court of [subject matter] jurisdiction" over the claims. **Id.** at 523.

Moreover, and important to the current appeal, this Court has held that it is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void." **Commonwealth v. Schmotzer**, 831 A.2d 689, 695 n.2 (Pa. Super. 2003); **see also Comm. ex rel. Penland v. Ashe**, 19 A.2d 464, 466 (Pa. 1941) ("every judgment is void, which clearly appears on its own face to have been pronounced by a court having no jurisdiction or authority in the subject-matter"). A void judgment is "no judgment at all." **Ashe**, 19 A.2d at 466. Thus, our Supreme Court has held, "it is the duty of the court of its own motion to strike off [a void judgment] whenever its attention is called to it." **Romberger v. Romberger**, 139 A. 159, 160 (Pa. 1927).

Hence, as applied to the case at bar, if the PCRA court did not have subject matter jurisdiction over Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief," the PCRA court's grant of *nunc pro tunc* appellate relief would be "null and void" and we would not have jurisdiction over the current appeal. **Schmotzer**, 831 A.2d at 695 n.2.

In the present case, this Court affirmed Appellant's judgment of sentence on February 24, 2010 and Appellant did not thereafter file a petition for allowance of appeal with our Supreme Court. Thus, Appellant's judgment of sentence became final for purposes of the PCRA on March 27, 2010, when the period for seeking review in our Supreme Court expired. Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file his current petition until May 19, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

The statutory exceptions to the PCRA's one-year time-bar are as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Further, as our Supreme Court has held, "the 60-day rule **requires a petitioner to plead and prove** that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (emphasis added); ***Commonwealth v. Williams***, 105 A.3d 1234, 1239 (Pa. 2014) (same).

Within Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief," Appellant did not explicitly invoke **any** of the statutory exceptions to the PCRA's one-year time-bar.[4]  Further, within the petition,

_____

[4] In ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), the petitioner failed to plead a statutory exception to the PCRA's one-year time-bar and our Supreme Court nevertheless forgave the failure and considered whether the petitioner's claim satisfied a statutory exception to the time-bar. However, the ***Bennett*** Court forgave the insufficient pleading because the petitioner had "reasonably relied" upon an incorrect procedure that this Court established, but that the Supreme Court altered while the petition was pending. ***Id.*** at 1269-1270; ***see Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003) (rejecting the "extension theory," which "construe[d] an untimely, serial PCRA petition as if it were an 'extension' of a timely, but previously dismissed, first PCRA petition in cases where an appeal was taken from the denial of the first petition, but the Superior Court ultimately

*(Footnote Continued Next Page)*

Appellant did not plead the date upon which he learned that this Court dismissed his appeal for failure to file a brief and Appellant did not explain why it took him eight months from the dismissal order to file his "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief." **See** 42 Pa.C.S.A. § 9545(b)(2); **Stokes**, 959 A.2d at 310. Thus, since Appellant failed to plead that one of the enumerated exceptions to the time-bar applied to his case, the PCRA court did not have subject matter jurisdiction over Appellant's second PCRA petition. Hence, the court's September 15, 2014 order, which purported to enlarge the scope of Appellant's prior appeal, is "null and void" and, as such, we do not have jurisdiction over the current appeal. **Schmotzer**, 831 A.2d at 695 n.2. Accordingly, we quash. **Romberger**, 139 A. at 160.[5]

Appeal quashed.

*(Footnote Continued)* _____

dismissed the appeal when the PCRA appellant failed to file a brief"). In the case at bar, there has been no alteration of the law during the pendency of Appellant's PCRA petition and Appellant should have known that, to be entitled to relief under the PCRA, he was required to explicitly invoke a statutory exception to the PCRA's one-year time-bar. 42 Pa.C.S.A. § 9545(b).

[5] Within Appellant's "*Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief," Appellant pleaded that the Commonwealth did not oppose "a hearing on the *nunc pro tunc* [PCRA petition]." Appellant's *Nunc Pro Tunc* Petition for Post-Conviction Collateral Relief, 5/19/14, at 3. Yet, even if the Commonwealth had consented to the relief requested in Appellant's petition, the consent would have been toothless. As our Supreme Court has held: "[N]either by act of the parties nor by the act of this Court can jurisdiction be conferred upon a court where jurisdiction is nonexistent." **In re Pozzuolo's Estate**, 249 A.2d 540, 545 (Pa. 1969).

Judges Mundy and Platt concur in the result.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015