J-A13025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANTHONY MACHICOTE, | |
| Appellee | No. 1176 WDA 2014 |

Appeal from the Judgment of Sentence June 24, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001958-2003

BEFORE:  PANELLA, SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                        **FILED JUNE 24, 2015**

The Commonwealth appeals from the judgment of sentence entered following the grant of relief pursuant to an untimely second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, by Anthony Machicote, Appellee.  Upon review, we vacate the judgment of sentence and remand for reinstatement of Appellee's original sentence.

In an appeal from Appellee's first PCRA petition, we summarized the facts of this case as follows:

> On November 10, 2003, [Appellee (then age 17)] and Jeremy Melvin executed their plan to escape from the George Junior Republic Facility, a housing facility for delinquent and dependent children [located in Pine Township, Mercer County]. [Appellee] called a night supervisor, Wayne Urey, Jr., to [Appellee's] room by faking an illness.  Melvin came up behind Urey and locked him in a choke hold while [Appellee] tied Urey's legs with a sheet.  Melvin put a sock in Urey's mouth and tied a sheet around it.  [Appellee] and Melvin stole Urey's money,

keys, and car and fled from the facility. Later that day, [Appellee] and Melvin confessed the details of the incident to a school security guard and turned themselves in to police. Urey suffocated as a result of the incident.

*Commonwealth v. Machicote*, 965 WDA 2006, 929 A.2d 242 (Pa. Super. filed May 30, 2007) (unpublished memorandum at 1-2).

Both Appellee and Melvin were charged as adults with criminal homicide, robbery, and related charges. On November 3, 2004, Appellee pled guilty to second-degree murder. In exchange for the guilty plea, the Commonwealth *nol prossed* the remaining charges. In addition, the Commonwealth agreed to provide Appellee with a letter indicating that it would take no position if Appellee filed an application for commutation of sentence after serving twenty-five years of imprisonment. On January 6, 2005, the trial court sentenced Appellee to serve a term of life imprisonment. Appellee did not file a direct appeal.

On January 9, 2006, Appellee filed a timely *pro se* PCRA petition, which was his first. Appointed counsel then filed an amended PCRA petition, and the PCRA court denied relief. On May 30, 2007, this Court affirmed the denial of PCRA relief, and the Pennsylvania Supreme Court denied Appellee's petition for allowance of appeal. *Commonwealth v. Machicote*, 965 WDA 2006, 929 A.2d 242 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 932 A.2d 1287 (Pa. 2007).

On August 22, 2012, Appellee filed an untimely second PCRA petition, in which he sought to have his life sentence without parole vacated, and to

be resentenced pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012). Disposition of the PCRA petition was continued several times awaiting a ruling on the applicability of *Miller* in Pennsylvania. On September 30, 2013, the PCRA court entered an order granting Appellee's request for relief on the grounds that the *Miller* decision rendered the life sentence unlawful. The Commonwealth appealed and then withdrew the appeal. Thereafter, the Commonwealth's appeal was reinstated, but it was ultimately dismissed due to failure to file a brief.

Consequently, Appellee was resentenced on June 24, 2014, to a term of life in prison with parole, with a recommendation that Appellee not be paroled until his 58th birthday. On July 2, 2014, the Commonwealth filed a post-sentence motion alleging that the lower court lacked the authority to resentence Appellee in light of *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). The motion was denied on July 2, 2014. This appeal by the Commonwealth followed.

The Commonwealth presents the following issues for our review:

1. Did the Sentenc[ing] Court err by imposing a sentence of life with the possibility of parole upon [Appellee's] 58th birthday where the sentence was not based on a sentencing scheme in place at the time of [Appellee's] original sentence?

2. Did the Sentenc[ing] Court err by considering the factors set forth in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), after holding that case law interpreting Pa.R.A.P. Rule 2314 requires that the dismissal of the Commonwealth's original appeal due to a procedural defect constrained the Sentence Court from conducting a resentence hearing in accordance with *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013)?

3. Did the Sentenc[ing] Court err by imposing a sentence inconsistent with the Pennsylvania Supreme Court's ruling in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), which held that *Miller* is not retroactive, and that juveniles sentenced prior to *Miller* were not entitled to a resentencing?

Commonwealth's Brief at 4.

Before we address the issues raised on appeal, we must first ascertain the jurisdictional posture of this case, as it appears that this direct appeal stems from the grant of relief by the PCRA court, which itself lacked jurisdiction. As noted above, Appellee was sentenced in 2005, but he filed his second PCRA petition in 2012.

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and no court may properly disregard or alter the time requirement in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. *Commonwealth v. Murray*, 753 A.2d 201, 202-203 (Pa. 2000). These provisions apply to "all PCRA petitions, regardless of the nature of the individual claims raised therein." *Id*. at 202. Our Supreme Court has held that, "[a]lthough legality of sentence is always subject to review within the

- 4 -

PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Moreover, we have long stated that jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent. **Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Our review of the record reflects that the trial court imposed upon Appellee a sentence of life imprisonment on January 6, 2005. Accordingly, Appellee's judgment of sentence became final on February 7, 2005,[2] thirty days after the trial court imposed the judgment of sentence and Appellee failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). In order to be timely, Appellee needed to file his second PCRA petition within one year of the date that his judgment of sentence became final. Appellee did not file the PCRA petition that predicated the instant relief until August 22, 2012. Therefore, Appellee's second PCRA petition was patently untimely, and the PCRA court lacked jurisdiction to consider it.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. §

_____

[2] We note Appellee needed to file his direct appeal with this Court on or before Monday, February 7, 2005, because February 5, 2005, was a Saturday. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). **See also** Pa.R.A.P. 107; Pa.R.A.P. 903, note.

9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

To the extent that Appellee attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S. § 9544(b)(1)(iii), with reliance upon the United States Supreme Court's decision in *Miller*, such application fails. In *Miller*, the United States Supreme Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. *Id*. at 2475.[3]

Subsequently, the Pennsylvania Supreme Court determined that *Miller* does not apply retroactively to an inmate, convicted as a juvenile, who is serving a sentence of life imprisonment without the possibility of parole and

_____

[3] We note that on October 15, 2012, effective immediately, the Pennsylvania Legislature amended 18 Pa.C.S. § 1102(a)(1) (first-degree murder) and (b) (second-degree murder), to provide sentencing standards for juvenile offenders convicted of first and second-degree murder after June 24, 2012, so as to comply with *Miller*.

who has exhausted his direct appeal rights and is proceeding under the PCRA. *Cunningham*, 81 A.3d at 11. Furthermore, we observe that on June 9, 2014, the United States Supreme Court declined to grant *certiorari* in *Cunningham*. *Cunningham v. Pennsylvania*, ___ U.S. ___, 134 S.Ct. 2724 (2014). Thus, the Pennsylvania Supreme Court's decision in *Cunningham* is final and binding. Accordingly, *Miller* does not qualify as an exception to the PCRA time bar.

Consequently, the PCRA court lacked jurisdiction *ab initio* to entertain Appellee's second PCRA petition and to grant relief because Appellee filed that petition more than one year after his judgment of sentence became final and failed to prove a statutory timeliness exception. 42 Pa.C.S. § 9545(b)(1). A judgment or decree rendered by a court, which lacks jurisdiction of the subject matter or of the person, is null and void. *Commonwealth v. Schmotzer*, 831 A.2d 689, 695 n.2 (Pa. Super. 2003). As a result, the PCRA court lacked authority to grant relief.[4] Thus, the relief granted by the PCRA court in its order of September 30, 2013, was done without authority and is a nullity. Therefore, we are constrained to hold that the judgment of sentence entered on June 24, 2014, predicated upon the improper order of the PCRA court, is likewise a nullity. Hence, we vacate the

_____

[4] This is so regardless of the fact that the Commonwealth failed to perfect an appeal from the order of the PCRA court. *See Borrero*, 692 A.2d at 159 (reiterating that jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent).

judgment of sentence entered on June 24, 2014, as well as the order of September 30, 2013, granting PCRA relief. Furthermore, we remand this matter to the lower court to reinstate the original judgment of sentence imposed upon Appellee.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Panella joins the Memorandum.

Judge Ott files a Concurring Statement.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015