J-S27023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO PEARSON | |
| Appellant | No. 589 EDA 2010 |

Appeal from the PCRA Order of August 18, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0722581-1989

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 16, 2015**

Appellant, Antonio Pearson, appeals from the August 18, 2008 order of the Court of Common Pleas of Philadelphia County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we quash this appeal.

The trial court summarized the factual background as follows:

[O]n the evening of March 24, 1989, Edwin Rivera, Francisco Olmeda and Anderson Alvarez were standing in the middle of the 2500 block of North Franklin Street, Philadelphia, Pennsylvania. All three were there to sell drugs.  At approximately 9:15 p.m., [Appellant] and [codefendant] Michael McFadden walked down Huntington Street towards the trio of drug dealers.  As they approached, [Appellant] asked if any of the three had a light for a cigarette.  They replied that they did not.  [Appellant] and [codefendant] then each pulled out a pistol.  [Appellant] told the

_____

[*] Former Justice specially assigned to the Superior Court.

trio to raise their hands and give him their money. Olmeda and Alvarez gave [Appellant] their wallets.

[Appellant] then demanded that the three give them the drugs which they had been selling, and Alvarez replied that they had no drugs. [Appellant] then put the barrel of his pistol in Alvarez's mouth, and Alvarez told Olmeda to give [Appellant] the drugs. Olmeda relented and gave [Appellant] nine bags of drugs.

After he received the drugs[,] [Appellant] told Olmeda to pull his pants down, and Olmeda complied. [Appellant] grabbed Alvarez by the back of neck, and [codefendant] did the same to Rivera. [Appellant and codefendant] walked both men toward the corner of Franklin and Huntingdon Streets with guns pressed against the latter['s] bodies. When they arrived at the corner, [Appellant and codefendant] placed Rivera and Alvarez against the wall, and [Appellant] hit each man with his pistol several times[,] causing each to fall to the ground. As Rivera started to get up, [Appellant] fatally shot him in the face. Alvarez attempted to crawl away; however, as he was crawling, [Appellant] and [codefendant] shot him in his legs.

Trial Court Opinion, 6/10/94, at 3-4.

On February 13, 1991, a jury convicted Appellant of second degree murder, aggravated assault, two counts of robbery, criminal conspiracy, possessing an instrument of crime, and recklessly endangering another person. On December 20, 1993, Appellant was sentenced to life imprisonment. On May 17, 1995, this Court affirmed the judgments of sentence and, on December 1, 1995, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Pearson*, 664 A.2d 1058 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1128 (Pa. 1995).

This Court summarized the subsequent procedural history in Appellant's prior collateral appeal as follows:

> [Appellant filed his first PCRA petition on February 28, 1997]. Counsel was appointed, but eventually filed a **Turner**/**Finley** "no merit" letter brief, suggesting that the PCRA petition was wholly frivolous and without merit and was untimely as well. On January 4, 1999, the trial judge dismissed the petition. An appeal was taken to this Court, but was dismissed on June 28, 2000 for counsel's failure to file a brief. Appellant did not file a petition for allowance of appeal to our Supreme Court.
>
> On July 31, 2000, appellant filed a second PCRA petition, seeking *nunc pro tunc* reinstatement of his appellate rights from his first PCRA petition, due to counsel's failure to file a brief. . . . [O]n January 17, 2002, following proper notice, [the PCRA court dismissed appellant's petition as untimely filed].

**Commonwealth v. Pearson**, No. 1049 EDA 2002, unpublished memorandum at 2-3 (Pa. Super. filed September 15, 2004) (footnote omitted).[1] On appeal, this Court affirmed the PCRA court's dismissal of the second petition as untimely filed. **Id.** Our Supreme Court denied Appellant's petition for allowance of appeal on March 28, 2005. **See Commonwealth v. Pearson**, 871 A.2d 190 (Pa. 2005).

On October 12, 2007, Appellant filed his third PCRA petition, arguing for the application of the time-bar exception for newly discovered evidence under **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (identifying

---

[1] As noted in our memorandum, PCRA counsel erred in suggesting that the first petition was untimely. The petition was in fact timely because it was filed within one year of the last day on which he could have filed a petition for writ of *certiorari* to the United States Supreme Court. **Id.** at 2 n.3.

exception to the rule barring claims of ineffective assistance of counsel as newly discovered facts exception, where counsel abandoned petitioner on appeal, abandonment was unknown to petitioner, and petitioner filed for PCRA relief within sixty days of learning of counsel's abandonment), and seeking reinstatement of his appellate rights *nunc pro tunc* due to counsel's failure to file an appellate brief for his first PCRA petition. The PCRA court dismissed Appellant's third petition on August 18, 2008.

On April 3, 2009, Appellant filed his fourth PCRA petition, seeking restoration of his appellate rights from the dismissal of his third petition. On February 8, 2010, the PCRA court reinstated Appellant's right to appeal from the denial of his third petition which the Appellant then filed on March 1, 2010. In response to the court's order of January 24, 2011, Appellant filed his Pa.R.A.P. 1925(b) statement. On July 21, 2011, the PCRA court issued an opinion concluding that the appeal was meritless.

On appeal now to this Court, Appellant challenges the denial of the claims presented in his third PCRA petition; claims Appellant only was able to present as a result of the PCRA court granting relief under Appellant's fourth PCRA petition to reinstate his appeal rights from denial of this third petition. Specifically, Appellant first argues the PCRA court erred in not issuing a notice under Rule 907, not allowing him to be present at the hearing, and not allowing him to file a proper 1925(b) statement. Second, Appellant again raises some of the ineffective assistance of counsel claims

(IAC) from his first PCRA petition. Essentially, Appellant argues the PCRA court erred in not finding his trial counsel ineffective for not objecting to the following jury instructions: (i) self-defense, (ii) flight, (iii) accomplice liability, and (iv) reasonable doubt.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (quotation marks and citations omitted).

Before we can entertain the merits of the claims, we first must determine whether this matter is properly before us. The fourth petition,[2] which Appellant filed approximately fourteen years after his judgment of sentence became final, ordinarily would be deemed untimely. Indeed,

> [i]t is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[2] While it appears this appeal involves only Appellant's challenge to the denial of his third petition, we cannot overlook, as the PCRA court did, whether the PCRA court had the authority to entertain and ultimately grant the relief sought in his fourth petition, namely Appellant's request to appeal *nunc pro tunc* from the denial of his third PCRA petition. The preliminary issue, therefore, is whether the fourth petition was properly entertained by the PCRA court.

expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

*Id.* at 1061–62 (internal footnote and quotation marks omitted).

The exceptions to the PCRA's timeliness requirements are set forth in 42 Pa.C.S.A. § 9545, which, in relevant part, provides as follows:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

Upon review, we must conclude the PCRA court did not have jurisdiction to entertain Appellant's fourth PCRA petition (which reinstated Appellant's appeal rights from the denial of his third petition) because it was

facially untimely and Appellant failed to allege and prove the timeliness of his fourth petition. **See Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (PCRA requires petitioner to plead and prove all required elements of the relied-upon exception). Because the fourth petition was untimely, the PCRA court could not grant Appellant relief, let alone the right to appeal *nunc pro tunc* from the denial of his third PCRA petition. As such, the PCRA court's order granting Appellant's fourth petition was null and void because it was entered by a court with no jurisdiction. **See Commonwealth v. Schmotzer**, 831 A.2d 689, 695 n. 2.[3] Since the fourth petition was untimely, it follows Appellant could not timely appeal from the denial of relief from his third petition, which was only made possible by the granting of relief from an untimely fourth petition. Similarly, because the PCRA's time-restrictions are jurisdictional in nature, we, like the PCRA court, have no jurisdiction to review the merits of an untimely PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Accordingly, we must quash the instant appeal.

Appeal quashed.

---

[3] Even if the Commonwealth consented, as it appears, to the relief requested in Appellant's fourth petition, the consent did not confer jurisdiction upon the PCRA court. **See In re Pozzuolo's Estate**, 249 A.2d 540, 545 (Pa. 1969).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015