J. A25003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVIS JOHN MARTISOFSKI, | : | No. 521 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 23, 2016,
in the Court of Common Pleas of Lebanon County
Criminal Division at No. CP-38-CR-0000527-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 17, 2016**

David John Martisofski appeals from the March 23, 2016 judgment of sentence entered in the Court of Common Pleas of Lebanon County following his conviction in a waiver trial of two counts of driving under the influence[1] ("DUI") and one summary count of maximum speed limits.[2]  The trial court sentenced appellant to a period of incarceration of 90 days to two years less one day.  We affirm.

The trial court provided the following, gleaned from appellant's pre-trial hearing:

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(iii) and (d)(2).

[2] 75 Pa.C.S.A. § 3362(a)(3).

. . . On December 31, 2014, Trooper [John] Huffstutler conducted a traffic stop of [appellant's] vehicle.  On that night, Trooper Huffstutler testified that he "completed a citation" for exceeding maximum speed limits, but he never actually gave a paper citation to [appellant] (Citation number T-2545157).  Trooper Huffstutler subsequently withdrew the citation.

Exhibit No. 1 is the citation withdrawal letter that he submitted in person to the MDJ.  Trooper Huffstutler testified that the citation was not filed.  The computer system they use is TraCS, and there is an option to either issue or file a citation.  He selected the issue option and printed out the citation.  Trooper Huffstutler had a printed paper citation in his hand and was planning to give it to [appellant]; however, he was unable to because as he was explaining it to him, he detected DUI indicators that led to the criminal complaint.  Trooper Huffstutler never sent anything to MDJ Wolfe's office except for the withdrawal letter.  The computer system notifies the magistrate's office of violations.  When questioned more about the computer system, Trooper Huffstutler testified as follows:

> The way it works with TraCS compared to a paper citation, if I write a paper citation, I would have all the documents with me.  If I went up to the car and saw what I saw, I would just take it back and I would write, withdraw, and it would never get sent in.  But in the car, once you pull a citation number onto the citation–we have a thumb drive I can show you.  We carry them on us.  We have a thumb drive that holds all our citations [sic] numbers, they're not listed automatically on top.  So as soon as you click, get number on TraCS, it assigns it to that electronic document.
>
> And the only way to get rid of it after that is to withdraw the citation.  So

there's [sic] been instances in the past where a computer error where I would have to do this same thing where a defendant would have never got [sic] their citation, but I would have to still withdraw an issued citation because I wouldn't want the prosecution to go through for those reasons.

Although Trooper Huffstutler kept saying that he "issued" a citation, he later acknowledged that he created it on an electronic screen on the TraCS system. Trooper Huffstutler and the MDJ have access to this screen. Trooper Huffstutler never wrote anything on a paper citation. Trooper Huffstutler would have destroyed the printed paper in the shred bin.

Ms. Mercedes Marrero (hereinafter "Ms. Marrero"), who is the office manager at MDJ Wolfe's office, testified. She corroborated that Trooper Huffstutler asked to withdraw a citation filed against [appellant]. Ms. Marrero ultimately withdrew it. When she went to withdraw the citation, [appellant] had an online payment pending on the citation. She ultimately accepted the payment because she has to accept it in order to refund it. She cannot block the payment from being accepted. Accepting the payment was for the limited purpose of refunding it. The citation was withdrawn on January 16, 2015, and payment was accepted/satisfied on January 20th. The citation was withdrawn before the money was accepted.

[Appellant] testified. Appellant received in the mail a DL-38 form that is dated January 13, 2015. The form advised [appellant] that unless he responded to the citation and paid the fine, his name would be referred to the Department of Transportation, which will suspend his driving privilege until he responds to the citation and pay [sic] all fines, costs, and penalties. This form was mailed to him, but [appellant] does not remember the date he actually received it. Receiving the form

> concerned him so he paid the fine sometime online before January 16, 2015. The refund check is dated February 19, 2015, and the criminal complaint was filed on February 17, 2015.
>
> At the conclusion of the pretrial hearing, the Court took the matter under advisement and allowed the parties to submit post-hearing briefs in support of their positions. Both parties filed their briefs on August 12, 2015.

Trial court opinion, 8/17/15 at 1-4 (citations to notes of testimony and exhibit numbers omitted).

The record reflects that the trial court denied appellant's pre-trial motion. Following a waiver trial, the trial court convicted appellant of two counts of DUI and one summary count of maximum speed limits. The day after the trial court imposed judgment of sentence, appellant filed his notice of appeal to this court, together with a statement of errors complained of on appeal. The trial court never directed appellant to file a Pa.R.A.P. 1925(b) statement, and the trial court never filed a Rule 1925(a) opinion. The trial court, however, had previously filed an opinion on August 17, 2015, when it denied appellant's pre-trial motion and found that 18 Pa.C.S.A. § 110 (compulsory joinder statute) did not bar appellant's DUI prosecution.

Appellant now raises the following issue for our review:

> Did the trial court err in refusing to dismiss the charges of Counts 2 and 3 [DUI], as prosecution of those charges was barred by 18 Pa.[C.S.A. §] 110(1)(i) and/or 110(1)(ii)?

Appellant's brief at 2.

When reviewing issues concerning the compulsory joinder statute, this court's standard of review is plenary. ***Commonwealth v. George***, 38 A.3d 893, 896 (Pa.Super. 2012). The compulsory joinder statute is a legislative mandate that provides that a subsequent prosecution for a violation of a statutory provision that differs from a former prosecution or is based upon independent facts will be barred in certain circumstances. ***Commonwealth v. Fithian***, 961 A.2d 66, 71 (Pa. 2008). Our supreme court has developed a four-pronged test which must be satisfied when determining whether the compulsory joinder statute bars a subsequent prosecution as follows:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013) (citation omitted).

Here, with respect to the first prong, appellant complains that because he responded to a notice he received concerning suspension of his driver's license for failure to respond to a summary offense citation by making an on-line payment that was eventually returned to him, the compulsory joinder statute barred his DUI prosecution because that on-line payment constituted his entry of a guilty plea in a former prosecution. We disagree.

The Crimes Code defines a "conviction" as follows:

> There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

18 Pa.C.S.A. § 109(3); *see also Commonwealth v. Schmotzer*, 831 A.2d 689, 694 (Pa.Super. 2003). Moreover, this court has held that Section 109 applies "only to former prosecutions which resulted in a plea of guilty which continues to stand accepted by the court." *Schmotzer*, 831 A.2d at 695 (citation omitted).

Here, nothing in the record demonstrates that appellant pled guilty to maximum speed limits or that a court accepted a guilty plea from appellant that continues to stand. Accordingly, there was no conviction as defined by Section 109(3). Therefore, because appellant cannot satisfy the first prong required for application of the compulsory joinder statute, the statute did not bar his DUI prosecution, and we need not address his remaining complaint.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016

- 6 -